By the Court,

Nelson, J.
The inhabitants of a school district are empowered to lay a tax on themselves for specified purposes, 1 R. S. 478, § 61, and the trustees of such district are required to make out a tax list whenever a district tax-is voted, containing the names of all the taxable inhabitants residing in the district at the time of making out the list, and the amount of tax payable by each inhabitant, set opposite to his name ; and to annex to such tax list a warrant directed to the collector of the district for the collection of the sums in such list mentioned, with five cents on each dollar thereof for his fees. Id. 481, § 75. The collector is allowed five cents on every dollar collected and paid over by him. Id. 486, § 104. On failure to collect the tax upon the warrant, the trustees in certain specified cases may sue and recover it in their official names. The better opinion, I think is, that the collector is not entitled to the five per cent, upon his fees, and that the apportionment made by the trustees in this case was erroneous in this respect. The trustees are to make out the tax list of every district tax voted, and the amount of such tax payable by each inhabitant is to be set opposite his name. The warrant is to direct the collector to collect the sums in such list, with (that is, in addition,) five cents on each dollar thereof for his fees. This per centage he is entitled to only on condition of collecting and paying it over ; if he does not collect the tax, in certain cases the trustees may sue for and recover it; but surely they are not entitled to the collector’s fees, which would or might be recovered, if the per centage is included in the apportionment. But conceding this to be error on the part of the trustees, and also that they erred in omitting to insert the names of all the taxable inhabitants, does it follow that they axe trespassers ? Their duties are various : some partake of a judicial and some of a ministerial character, while in others *they may be considered as actors ox parties. 9 Wendell, 42. Their acts and proceedings should therefore be tried and tested by principles well settled, which define with precision and justice their duties and responsibilities. The range of their official acts imposed upon them by law, embracing these different functions, it is the duty of the court to separate them, and apply to each, as it comes up for consideration, its appropriate principle. The business of these officers is often perplexed and embarrassing, and their conduct, when acting in good faith and within the scope of their powers, should be viewed with indulgence by the court, and deserves the most liberal intendment of the law. The apportionment of the tax voted among the taxable inhabitants is, in my opinion, to a certain extent, in the nature of a judicial act. The trustees axe to determine who are and who are not taxable within the provisions of the statute; they are then to apportion to each his share according to the value of his real and personal estate, and in some cases they are obliged to fix such value. Sections 76, 77, 78, page 482, shew that the duty of ascertaining the taxable inhabitants is involved in considerable difficulty, and that an error in this respect may arise as well from a misjudgment of the law on the part of these officers, as a mistake in fact. They are bound to act, and to exercise their best judgment in the apportionment of the tax; and if they confine themselves within the limits, of the statute, though they may err in point of law or in judgment, they should not be either civilly or criminally answerable, if their motives are pure. This is the rule applicable to public officers, bound to exercise their deliberative judg *95 ments in the discharge of their official duties, and is applicable to all inferior magistrates, and others called to the performance of functions in their nature and character judicial, while acting within their jurisdiction and the scope of their powers. The liabilities and immunities of these officers were examined by the chief justice in Cunningham v. Bucklin, and the principles upon which they are held personally liable for official errors correctly stated. 8 Cowen, 184, and cases there cited.
The plaintiff below was not without his remedy, 1 R. S. 487, § 110, 11; and the amendment of the law, 20th April, *1830, provides that any person conceiving himself aggrieved in consequence of any decision made by the trustees of any district in paying any teacher, or concerning any other matter under the present title, (which includes the whole of the school act,) may appeal to the superintendent of common schools, whose decision shall be final. This provision was intended for what it practically is, a cheap and expeditious mode of settling most, if not all of the difficulties and disputes arising in the course of the execution of the law. A common law certiorari would no doubt lie from this court to the trustees, to bring up and correct, any erroneous proceeding not concluded by an adjudication of the superintendent, or in a case where his powers were inadequate to give the relief to which the party was entitled.
I admit the soundness of all the principles relied on in the argument of the defendant in error, namely : that when a special power is granted by statute affecting the property of individuals, it must be strictly pursued, and appear to be pursued on the face of the proceedings ; that when a statute confers a new power upon justices of the peace, they must proceed in the mode prescribed by the statute: that inferior jurisdictions, not proceeding according to the course of the common law, are confined strictly to the authority given them, and can take nothing by implication, but must show their power expressly given in every instance. 3 Johns. Cas. 107. 19 Johns. R. 42. 1 Caines, 594. These are wholesome principles, and should never be overlooked in determining the duties or reviewing the proceedings of subordinate tribunals. But what is the remedy ? Does every departure from the statute, or error in the course of the proceedings under it, necessarily make the officer and all concerned trespassers ? Clearly not. Where the party or inferior magistrate, or any one acting in that character, extends the power of the court or statute to a case to which it cannot be lawfully extended, they become trespassers, and are amenable to the party aggrieved as such. Suydam & Wyckoff v. Keys, 13 Johns. R. 444, is an illustration of this principle. There the trustees of a school district apportioned a tax, and directed the collector in the warrant to collect it from the plaintiffs, who were not liable to be taxed *in the district, and it was correctly held, that so far as the trustees were concerned, they had no jurisdiction, and were trespassers. I agree with Judge Marcy in Savacool v. Boughton, 5 Wendell, 177, that the decision in that case subjecting the collector as a trespasser, cannot be supported, but there can be no doubt the trustees were trespassers upon established principles.
Where the magistrate or officer has jurisdiction of the subject matter, and errs only in the exercise of it, his acts are not void, but voidable, and the only remedy is by certiorari or writ of error. The books are full of illustrations of this principle. Henderson v. Brown, 1 Caines, 90, is one. There it was held by a majority of the court, that an error by the assessors, under the act of Congress of 19th July, 1798, in assessing the new theatre in the city of New-York as a dwelling house, did not subject the collector as a trespasser for entering and collecting the tax, on the ground that the assessors had jurisdiction of the *97 subject matter, and the error was one of judgment in the lawful exercise of it. Thompson and Radcliff, justices dissented, and held the assessors and collector liable ; contending the former had exceeded their authority in making the assessment. The doctrine of the majority of the court has been since repeatedly recognized and applied. In Butler v. Potter, 17 Johns. R. 145, it was held, where a justice has no jurisdiction whatever, and undertakes to act, his acts are coram non judice and void; but if he has jurisdiction, and errs in the exercise of it, his acts are voidable only. Griffin v. Mitchell, 2 Cowen, 548. Colvin v. Luther, 9 id. 64. I may add, the case of Henderson v. Brown is an authority to show that the proceedings of the trustees in making the assessment in this case are quasi judicial. Without pursuing the examination further, I am satisfied trespass will not lie against the defendants below, and the judgment of the common pleas should be reversed.-
There is an error in the case that does not touch the merits, but which also I think fatal to the judgment below. The summons was served on Everson by copy, and only Favor and Easton appeared and joined issue. The judgment before the justice was in their favor against Calendar. The writ of certiorari includes Everson, and the judgment in the common pleas is against him, as well as the other defendants, for costs. The judgment as to him is erroneous, and the only remedy is a reversal of the whole judg ment. 12 Johns. R. 434.
Judgment reversed, with double costs.